| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| WAYNE BAILEY, | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION H-12-1311 |
| | § | |
| BRAD LIVINGSTON, *ET AL.* | § | |
| | § | |
| Defendants. | § | |

## Opinion on Dismissal

Wayne Bailey is a Texas prisoner. He filed a civil rights complaint. 42 U.S.C. § 1983. He also raises violations of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). He seeks declaratory and injunctive relief. He sues Larry Hodges, Thomas Day, Moises Villalobos, Jerry Bailey, Kimberly Smith, and the Texas Department of Criminal Justice (TDCJ). The defendants move to dismiss. (63)

1. *Claims*

Bailey filed a second amended complaint on May 24, 2012. He raises these allegations. Bailey suffers from a severe hearing loss due to tinnitus or "ringing of the ears" and he uses a hearing aid. He has a record of physical impairment that substantially limits his major life activities. In 2006, he was diagnosed with degenerative disc disease, bulging discs, neural foraminal narrowing, and spinal canal stenosis. In 2009, x-rays showed osteoarthritis, retrolistheses, and lower facet sclerosis. He has a small annular tear at L4/L5 in his spine and facet arthrosis at L5/S1. He has mild levoscoliosis, sclerosis, osteoarthritis, abnormal kyphosis, mild anterior wedge deformity of L1, and degenerative disc disease.

On July 21, 2010, Villalobos denied Bailey a reasonable disability accommodation during a shakedown. Hodges and Day denied Bailey a disability accommodation by not allowing him to put his personal property on a cart and by forcing him to carry it. He was forced to lift a metal storage locker weighing twenty-five pounds causing him pain and physical injury. Bailey told the infirmary about the incident, reporting he had severe pain due to stress on his spine. In response to a grievance Day said, "Medical restrictions only apply at work."

Bailey contends that under a reasonable accommodation, prison officials should allow a support inmate to help take the personal property of disabled inmates to the gymnasium on a cart. Bailey also suggests that tables be set up in the gymnasium for inmates who cannot bend or lift and support service inmates be available to help disabled inmates.

On August 25, 2010, Bailey filed a grievance on shower overcrowding. This overcrowding denies disabled inmates the benefit of TDCJ's activity of showering where disabled inmates need to sit, dress, and undress but cannot due to overcrowding in the showers. On October 14, 2010, Villareal tried to deny Bailey access to a shower by using a threatening tone and demeanor. Villareal ordered Officer Williams to write a false disciplinary report against Bailey for talking in the hallway. Bailey unsuccessfully requested assistance on the denial of access to a shower.

Under Bailey's health summary document, he should not lift more than ten pounds. The summary also reflects no bending, no repetitive squatting, no climbing, and no walking more than 50 yards. It also includes work limitations. Bailey says the Defendants' actions are willful, malicious, and oppressive and they acted with deliberate indifference to his disabilities by "disregarding" his major life activities.

On May 5, 2011, Bailey sent Warden Beard of the Terrell Unit a paper showing the lack of adherence to the ADA, RA, and other policies. Beard said the unit is not required to comply with the UTMB Instructional Directive and other policies. Beard, however, did state the unit has separate shower time for "Special Needs" offenders.

The prison issued medical boots to Bailey. In response to a grievance, an officer said the boots were only for use at work. Bailey contends the prison is effectively saying "your disability only applies at work." On September 8, 2011, Bailey was transferred to the Wynne Unit, which is a multi-level prison unit. This is inconsistent with his disabilities. On October 13, 2011, Bailey sent a letter to the Risk Manager, Teetz, who denied him outside recreation, craft shop access, and handicapped seating, all in violation of the ADA.

On November 11, 2011, Bailey sent a note to Teetz stating that he is a special needs offender, yet required to take all of his property to a central shakedown in violation of TDCJ's ADA policy. On January 23, 2012, while Bailey was on the Jester 3 Unit, prison officers conducted a shakedown for contraband and weapons. Inmates were required to take their personal property to the gymnasium regardless of disability. Bailey was denied the benefit of TDCJ services and subjected

to disability discrimination in this shakedown. Also on the Jester 3 Unit, Jewish inmates, including Bailey, were denied participation in the kosher food program due to disabilities.

Bailey cannot bend at the waist. Because of this, Bailey sent a request for a wall mounted storage locker or a locker on legs. Officials denied this request for a disability accommodation. Bailey also did not get a medical pass to show to guards that the floor locker is legally allowed in the cell.

On May 13, 2012, Bailey filed a grievance complaining that handicapped showers are still overcrowded. Officers refused to correct the problem. On May 15, 2012, Bailey filed another grievance about the serious hazard in the shower. The hazard is that the center bench in the shower obstructs a clear path for inmates using mobility devices.

On July 12, 2012, Bailey was granted brace and limb services, although he was not given the specific services recommended by a physician. Dr. Williams gave Bailey ordinary boots, but refused to provide a knee brace, due to cost. Bailey was denied brace and limb services due to the cost in complete disregard of his permanent disabilities. Bailey claims he has been subjected to some form of disability discrimination on a daily basis.

2. *Dismissal of Claims on Fellow Prisoners*

The defendants move to dismiss Bailey's claims that he attempts to raise on behalf of other prisoners. They point out that Bailey has not sought class action status. They also maintain he has not shown why a class action is appropriate here. Bailey does not respond to these contentions by the Defendants. Bailey's claims on behalf of other prisoners are dismissed

3. *Allegations on Standing for Injunctive Relief*

Bailey does not request damages. He seeks only injunctive relief under the ADA. In their motion to dismiss, the Defendants maintain that Bailey has no standing for the injunctive relief he seeks. They contend he does not raise a "real and immediate threat of future discrimination" in violation of the ADA. They point out that his allegations and claims concern claimed wrongs at different prison units with the most recent events occurring in July of 2012.

In his response to the Defendants' motion, Bailey first asserts he has shown the need for injunctive relief by the large volume of grievances he has filed over nearly four years. Bailey's Opposition to Defendants' Motion to Dismiss, p. 9 [Docket Entry No. 72, p. 4]. He cites many of his grievances in support of this assertion. *Id.*, pp. 9 - 11, [pp. 4-6] ¶ 19 - 20, 22 - 24, & 28. In his

3

response, Bailey also says he raises allegations which show that he needs injunctive relief from this court to protect him from future behavior by the Defendants. Bailey's Opposition to Motion to Dismiss, p. 15 [Docket Entry No. 72, p. 10]. Bailey contends more grievances would be futile. He, however, does not raise any facts in support of his contention on futility.

Bailey also submitted a supplement with exhibits on standing for injunctive relief. [Docket Entry No. 73]. He cites four grievances in his response, in numbers 2012–023745, 2013–075514, 2013–075511, and 2013-088364, which he attached to his response. The first grievance concerns an incident in 2011. Two of the grievances, in numbers 2013–075514 and 2013–075511, concern incidents in December of 2012. The grievance on the most recent underlying event is in number 2013-088364. In that grievance, Bailey complains about an incident in the showers on January 16, 2013. That is the most recent incident Bailey raises to show a real and immediate threat of future discrimination under the ADA. Bailey filed his Opposition to the Motion to Dismiss on September 20, 2013, raising this incident which occurred on January of 2013. *See* Docket Entry No. 73-2, p. 25.

All of the events underlying his allegations in his summary-judgment responses occurred in 2012 or earlier with a few exceptions. These exceptions concern events (including the event cited in the preceding paragraph) which occurred during February of 2013. *See* Bailey's Opposition to Motion to Dismiss and Supplement Response in Opposition to Motion. [Docket Entry Nos. 72, 73]. The Defendants moved for dismissal in August of 2013. Bailey responded to the Motion to Dismiss in September of 2013. He cited several incidents to show he is under an immediate threat of discrimination. The most recent incident Bailey cites occurred at least eight months before he filed his response.

4. *Analysis*

Bailey is seeking injunctive relief based on his contention that he is under a real and immediate threat of ADA discrimination. Bailey's factual allegations in support of this contention are incidents which occurred seven months before he filed his papers raising the allegations. Bailey's response does not show a real and immediate threat of future discrimination or any other harm. That is because the events he raises to show a real and immediate threat are seven months old.

Under Article III of the Constitution, a court must be presented with a case or controversy before it may grant relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). A plaintiff must

show that he is endangered by a present threat of unlawful conduct. *Henschen v. City of Houston, Tex.*, 959 F.2d 584, 589. Bailey's reliance on old incidents does not show a present threat. Bailey has no standing for the relief he seeks.

Furthermore, a court should only grant injunctive relief in the "most extraordinary circumstances." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). An injunction by a federal court against state defendants is a serious intrusion into state affairs. *See Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985). The claims here do not call for such an intrusion.

5. *Conclusion*

Bailey fails to raise facts showing he has standing for the relief he requests. The Defendants' motion to dismiss (63) is granted. All other pending motions and requests for relief are denied.

Signed on March 25, 2014, at Houston, Texas.

Lynn N. Hughes
United States District Judge